**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN DUWAYNE HARRIS, also
known as Stephen Duane Harris, also
known as Stephen Duwayne Harris,
also known as Stephen Dywayne
Harris, also known as Stephan Duane
Harris,

    Defendant - Appellant.

No. 18-1492
(D.C. No. 1:18-CR-00375-RM-1)
(D. Colo.)

───────────

**ORDER AND JUDGMENT**[*]

───────────

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

───────────

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

───────────

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Steven Harris pleaded guilty to one count of being a felon in possession of a firearm.  18 U.S.C. § 922(g)(1).  The probation office recommended that the district court impose, at sentencing, standard condition of supervised release twelve ("Standard Condition Twelve").  Standard Condition Twelve provides: "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction."  U.S.S.G. § 5D1.3(c)(12).  Harris objected, asserting Standard Condition Twelve "improperly delegate[d] power to the probation department that should lie with the [c]ourt."  He claimed "[a] probation officer should not have unfettered authority to require an individual on supervised release to notify or require notification of unidentified 'risks' to third parties" and asserted it was the district court's "duty to determine the appropriate parameters for this condition, leaving the probation officer only the administration of those parameters."  The district court overruled Harris's objection.  In doing so, the district court explained its position was "consistent" with the one it had previously taken in *United States v. Cabral*, 926 F.3d 687 (10th Cir. 2019), which was at that time on appeal before this court.

*Cabral* has now been decided.  *Cabral* held that Standard Condition Twelve "is an improper delegation of judicial power" because it grants probation officers

"decision-making authority that could infringe on a wide variety of liberty interests." *Id.* at 699. In an exhibition of admirable candor, the United States concedes that *Cabral* controls the disposition of this appeal and compels a remand to the district court for resentencing. *See id.* Accordingly, this court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and **remands** to the district court to vacate Harris's sentence and to resentence him consistent with this court's opinion in *Cabral*. *See id.*

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge